Hydee J. Riggs, Esq. (Bar No. 158779)
Law Office of Hydee J. Riggs
34145 Pacific Coast Highway, Suite 359
Dana Point, CA 92629
Tel: (949) 335-5440    Fax: (888) 866-7615
Email: hydee@riggslawoffice.com

Attorneys for
Robert S. Whitmore, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>RAYMOND HOWARD,<br><br>        Debtor.<br>_____<br><br>ROBERT S. WHITMORE,<br>Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>vs.<br><br>PHYL ROBINSON,<br><br>        Defendant. | CASE NO. 6:19-bk-12423-WJ<br><br>ADV. NO.<br><br>Chapter 7<br><br>**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS UNDER BANKRUPTCY CODE §547 AND RECOVER AVOIDED TRANSFERS UNDER BANKRUPTCY CODE §550** |

      Plaintiff Robert S. Whitmore, Chapter 7 Trustee of the estate of Raymond Howard complains of Phyl Robinson as follows:

**STATEMENT OF STANDING, JURISDICTION AND VENUE**

    1.    On March 25, 2019, Raymond Howard ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, case number 6:19-bk-12423-WJ.

2. Robert S. Whitmore is the duly appointed, qualified and acting Chapter 7 trustee of the above-encaptioned bankruptcy estate ("Trustee" or "Plaintiff").

3. This adversary proceeding is filed pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§547 and 550.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the Debtor's bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Riverside Division, case number 6:19-bk-12423-WJ.

5. This proceeding is a core proceeding under 28 U.S.C. §§157(b)(2)(A), (E), (F) and (O). The Trustee consents to the Bankruptcy Court's jurisdiction to enter findings of fact and conclusions of law to the extent the Court may rule on any non-core issues in this proceeding.

6. Venue properly lies in this judicial district in that this adversary proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. §§1409 and 1391.

7. Trustee is informed and believes and thereon alleges that Phyl Robinson ("Robinson" or "Defendant") resides in and is doing business in the Central District of California.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Treatment)

### (11 U.S.C. §§547 and 550)

8. Trustee hereby realleges and incorporates by this reference paragraphs 1 through 7 of the Complaint, inclusive, as though fully set forth herein.

9. Trustee is informed and believes and on that basis alleges, that within 90 days prior to the date of the filing of the petition, property of the Debtor was transferred to Defendant as a result of at least one levy in an amount as yet ascertained, but totaling a minimum amount of approximately $14,346.20 ("Transfers").

10. Trustee is informed and believes and on that basis alleges, that if the Debtor was obligated to pay Defendant, Defendant was a creditor of Debtor at the time of the above-referenced Transfers.

///

12. Trustee is informed and believes and on that basis alleges, that if the Debtor was obligated to pay Defendant, the above-referenced Transfers were for the benefit of Defendant in her capacity as creditor of Debtor.

13. Trustee is informed and believes and on that basis alleges, that if the Debtor was obligated to pay Defendant, the above-referenced Transfers were made for or on account of an antecedent debt owed to Defendant.

14. Debtor was insolvent at the time of the Transfers.

15. The effect of the Transfers was to enable Defendant to obtain a greater percentage of her debt than she would have received in this case under Chapter 7 of the Bankruptcy Code if the Transfers had not been made and such Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

16. By reason of the foregoing, pursuant to 11 U.S.C. §547, the Trustee may avoid each such transfer, and pursuant to 11 U.S.C. §550(d), the Trustee may recover, for the benefit of the estate, the property transferred or its equivalent value from Defendant.

**WHEREFORE**, Trustee prays for judgment as follows:

### ON ALL CLAIMS FOR RELIEF

1. Pursuant to 11 U.S.C. §§547 and 550, that the Transfers, or their equivalent value, made to Defendant be avoided and recovered by the Trustee;

2. That Defendant pay Trustee's costs and disbursements, including reasonable attorneys' fees with respect to this action;

3. For interest on the amounts recovered from Defendant;

4. For pre-judgment interest as allowed by law; and

5. For such other and further relief as this Court deems just and proper.

LAW OFFICE OF HYDEE J. RIGGS

Dated: March 15, 2021

/s/ Hydee J. Riggs
HYDEE J. RIGGS
Attorneys for Robert S. Whitmore,
Chapter 7 Trustee

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Robert Whitmore, Chapter 7 Trustee | **DEFENDANTS**<br>Phyl Robinson |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Hydee J. Riggs - Law Office of Hydee J. Riggs<br>34145 Pacific Coast Highway, Suite 359, Dana Point, CA 92629<br>Telephone: (949) 335-5440 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO AVOID PREFERENTIAL TRANSFERS UNDER BANKRUPTCY CODE §547 AND RECOVER AVOIDED TRANSFERS UNDER BANKRUPTCY CODE §550

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☒ [1] 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | ☐ 65-Dischargeability - other |
| | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Raymond Howard || BANKRUPTCY CASE NO.<br>6:19-bk-12423-WJ |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Riverside || NAME OF JUDGE<br>Wayne Johnson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Hydee J. Riggs |||||
| DATE<br><br>March 15, 2021 |||  PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Hydee J. Riggs ||

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.